Petitioner seeks an order of this court admitting him to the practice of law in this state. The Connecticut Bar Examining Committee objects.
The last brief was received May 12, 1992.
The petitioner specifically requests that this court decide the issues on the facts before it and not order a remand.
The petitioner raises what he seems to feel are serious questions about the committee's actions. First, he says the committee CT Page 5721 members met off the record and this court assumes he is implying they discussed the facts in his case. If that were true it certainly would be inappropriate. Second, he says that the committee was working with at least one patently incorrect fact, i.e., that his improper conduct occurred only three and not seven years before the hearing. After saying all that, petitioner specifically asks this court not to remand the case.
Our law quite clearly requires the committee to determine the petitioner's present fitness to practice law. Scott v. State Bar Examining Committee 220 Conn. 812, 829.[1] "Fitness to practice law does not remain fixed in time. While the [committee] found the petitioner unfit to practice law in [August 1991 based on a hearing held in 1990] it might not reach that conclusion today." Id. 829.
Although this court cannot find that the petitioner has come close to sustaining his burden of proof, when we think of a young man's forty- or fifty-year future and when we take guidance from our supreme court we must remand this case for what we trust will be a fairly prompt hearing on petitioner's present fitness to practice law.
Remanded.